1. IS IT A VIOLATION OF 21 O.S. 481 (1991), FOR AN ELECTED MEMBER OF THE EXECUTIVE BRANCH OF STATE GOVERNMENT TO MARRY AN EMPLOYEE OF THAT DEPARTMENT WHO WAS EMPLOYED BY THAT DEPARTMENT PRIOR TO THE ELECTION OF THE ELECTED OFFICER?
2. IF THE ANSWER TO THE FIRST QUESTION IS "NO," WOULD THIS CHANGE IF THE OFFICIAL IS REELECTED AND MARRIED TO THE EMPLOYEE AT THE TIME OF HIS ELECTION?
BECAUSE YOUR QUESTIONS CAN BE ANSWERED BY A REVIEW OF SIMILAR ATTORNEY GENERAL OPINIONS, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED WITH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
TITLE 21 O.S. 481 (1991), PROVIDES: "IT SHALL BE UNLAWFUL FOR ANY EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER TO APPOINT OR-VOTE FOR THE APPOINTMENT OF ANY PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE, TO ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY IN ANY DEPARTMENT OF THE STATE, DISTRICT, COUNTY, CITY OR MUNICIPAL GOVERNMENT OF WHICH SUCH EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER IS A MEMBER, WHEN THE SALARY, WAGES, PAY OR COMPENSATION OF SUCH APPOINTED IS TO BE PAID OUT OF THE PUBLIC FUNDS OR FEES OF SUCH OFFICE. PROVIDED, HOWEVER, THAT FOR THE PURPOSES OF THIS CHAPTER, A DIVORCE OF HUSBAND AND WIFE SHALL TERMINATE ALL RELATIONSHIP BY AFFINITY THAT EXISTED BY REASON OF THE MARRIAGE, REGARDLESS OF WHETHER THE MARRIAGE HAS RESULTED IN ISSUE WHO ARE STILL LIVING." (NEPOTISM) 21 O.S. 485 OF THAT TITLE PROVIDES THAT A VIOLATION OF 21 O.S. 481 IS A MISDEMEANOR. BECAUSE 481 IS A CRIMINAL STATUTE, IT MUST BE CONSTRUED LIBERALLY IN FAVOR OF AN ACCUSED AND STRICTLY AGAINST THE STATE. STATE V. HUMPHREY, 620 P.2D 408 (OKL.CR.1980).
A STRICT CONSTRUCTION OF 21 O.S. 481 PROVIDES THAT AN EXECUTIVE OFFICER VIOLATES THE STATUTE BY THE APPOINTMENT OR VOTE FOR APPOINTMENT TO ANY DEPARTMENT OF GOVERNMENT TO WHICH THE EXECUTIVE OFFICER WAS ELECTED, WHEN THE SALARY OF SUCH APPOINTEE IS PAID FROM PUBLIC FUNDS OR FEES OF THAT OFFICE. THERE IS NO INDICATION IN 21 O.S. 481 OF A PROHIBITION AGAINST AN ELECTED OFFICIAL WHO MARRIES AN EMPLOYEE OF SUCH A DEPARTMENT. BECAUSE THE PROHIBITION STATED IN 21 O.S. 481 GOES TO THE APPOINTMENT OR A VOTE FOR APPOINTMENT TO A POSITION ONLY, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT 481 CONTAINS NO PROHIBITION AGAINST THE MARRIAGE OF AN ELECTED OFFICIAL AND AN EMPLOYEE OF THE DEPARTMENT TO WHICH THE OFFICIAL WAS ELECTED.
THIS, HOWEVER, IS NOT THE FINAL WORD IN THIS MATTER. WHILE 21 O.S. 481 IS A BROADLY WORDED SECTION WHICH APPLIES TO MOST GOVERNMENTAL OFFICERS IN OKLAHOMA, 21 O.S. 484 (1991), IS MORE NARROWLY ADDRESSED TO PERSONS RELATED TO ANY ELECTED MEMBER OF THE LEGISLATIVE, JUDICIAL OR EXECUTIVE BRANCH OF STATE GOVERNMENT. 21 O.S. 484 PROVIDES:
 "ANY PERSON RELATED WITHIN THE THIRD DEGREE BY AFFINITY OR CONSANGUINITY TO ANY ELECTED MEMBER OF THE LEGISLATIVE, JUDICIAL OR EXECUTIVE BRANCH OF THE STATE GOVERNMENT SHALL NOT BE ELIGIBLE TO HOLD ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY FOR WHICH COMPENSATION IS RECEIVED IN THE SAME AGENCY AS SUCH ELECTED MEMBER OF THE STATE GOVERNMENT."
THIS SECTION IS ALSO CRIMINAL IN NATURE AND SO MUST ALSO BE CONSTRUED LIBERALLY ON FAVOR AN ACCUSED AND STRICTLY AGAINST THE STATE. SEE STATE V. HUMPHREY, SUPRA. PURSUANT TO THIS SECTION, A PERSON WITHIN THE STATED RELATIONSHIP IS NOT ELIGIBLE TO HOLD A POSITION IN THE SAME STATE AGENCY AS THE ELECTED OFFICIAL. NO TIME CONSTRAINTS ARE PROVIDED, AND NO OVERT ACTION IS NECESSARY ON THE PART OF THE ELECTED OFFICIAL OR THE RELATION. THIS SECTION HAS BEEN PREVIOUSLY CONSTRUED TO REQUIRE THAT A PERSON WHO WORKS FOR THE STATE LEGISLATURE AND WHOSE SPOUSE IS ELECTED TO THE LEGISLATURE MUST RESIGN FROM HIS OR HER STATE POSITION. A.G. OPIN. NO. 82-073. (SINCE THAT OPINION WAS DRAFTED, 484 HAS BEEN AMENDED TO LIMIT THE PROHIBITION TO AN ELECTED OFFICIAL AND ANY PROHIBITED RELATION IN THE AGENCY TO WHICH THE OFFICIAL WAS ELECTED.)
IN YOUR SCENARIO, WHILE THERE IS NO PROHIBITION UNDER 21 O.S. 481 AGAINST AN ELECTED OFFICIAL WHO MARRIES AN EMPLOYEE OF THE DEPARTMENT TO WHICH THE OFFICIAL WAS ELECTED, UPON THE MARRIAGE, THE EMPLOYEE WOULD FALL WITHIN THE PROHIBITION PRESENTED BY 484 AND WOULD BECOME INELIGIBLE TO HOLD THAT STATE POSITION.
SIMILARLY, AS TO YOUR SECOND QUESTION, BECAUSE THE PROHIBITION IN 481 GOES TO AN APPOINTMENT OR A VOTE FOR THE APPOINTMENT TO A POSITION BY AN STATE OFFICER, THE FACT OF A MERE MARRIAGE DOES NOT RESOLVE THE QUESTION. INSTEAD, IT MUST BE DETERMINED IF, SUBSEQUENT TO THE MARRIAGE, THE ELECTED OFFICIAL WOULD BE REQUIRED TO APPOINT OR VOTE FOR THE APPOINTMENT OR HIS OR HER SPOUSE TO A POSITION. IF NO APPOINTMENT OR VOTE IS NECESSARY BY THE OFFICER, THERE WOULD BE NO VIOLATION OF 481. IF IT IS NECESSARY FOR THE OFFICER TO APPOINT OR VOTE FOR THE APPOINTMENT OF HIS OR HER SPOUSE FOLLOWING AN ELECTION, 481 WOULD BE VIOLATED. HOWEVER, A SPECIFIC DETERMINATION REQUIRES AN INVESTIGATION OF FACTS OUTSIDE THE SCOPE OF AN INFORMAL OPINION. SEE 74 O.S. 18B. NONETHELESS, WHILE THERE MAY BE NO VIOLATION OF 481, THE NARROWER RESTRICTIONS OF 484 OPERATE INDEPENDENTLY TO PROHIBIT A RELATIVE OF AN ELECTED STATE OFFICIAL FROM HOLDING A POSITION IN SUCH AN ELECTED OFFICIAL'S AGENCY.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. IT IS NOT A VIOLATION OF 21 O.S. 481 (1991) (NEPOTISM), FOR AN ELECTED MEMBER OF THE EXECUTIVE BRANCH OF STATE GOVERNMENT TO MARRY AN EMPLOYEE OF THAT DEPARTMENT WHO WAS EMPLOYED BY THAT DEPARTMENT PRIOR TO THE ELECTION OF THE ELECTED OFFICER. HOWEVER, PURSUANT TO 21 O.S. 484, SUCH AN EMPLOYEE WOULD BE REQUIRED TO RESIGN HIS OR HER POSITION UPON THE MARRIAGE;
 2. WHETHER THIS OPINION WOULD CHANGE IF THE OFFICIAL IS RE-ELECTED AND MARRIED TO THE EMPLOYEE AT THE TIME OF THE RE-ELECTION RAISES A QUESTION OF FACT WHICH CANNOT BE ANSWERED IN AN INFORMAL OPINION.
(JAMES ROBERT JOHNSON)